IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Sheryl L. Szeinbach, | : | |
| Plaintiff | : | Civil Action 2:08-cv-00822 |
| v. | : | |
| The Ohio State University, | : | Magistrate Judge Abel |
| Defendant | : | |

## Status and Scheduling Conference Order

On September 20, 2012, I met with counsel to discuss the status of this case and case scheduling. The following schedule was adopted.

<u>Defendant's motion to exclude plaintiff's experts' testimony (doc. 163)</u>. That motion has been fully briefed. Counsel requested a ruling on the motion before they brief summary judgment. They will submit simultaneous case citation updates **October 10, 2012.**

<u>Summary judgment</u>. The August 10, 2012 decision of the United States Court of Appeals for the Sixth Circuit remanded this case with the following instructions:

> For these reasons we affirm the dismissal of Szeinbach's claims, with the exception of her differential-salary-increases and research-misconduct investigation claims, which we reverse because she presented sufficient evidence to raise a genuine issue of fact regarding whether she suffered adverse employment actions. On remand, the district court may consider the other grounds that OSU advanced in support of summary judgment on these claims including the remaining challenges to the prima facie case and those to the last two steps of the McDonnell Douglas analysis.

Doc. 186, PageID ## 17492-17493. Defendant wants to brief three issues:

- Prima facie case [knowledge of the decision-makers and causal connection];

- nondiscriminatory reasons/pretext; and
- procedural issues briefed in its motion for summary judgment but not addressed in my December 10, 2010 Opinion and Order.

Although my preference would be for counsel to identify the portions of the original brief addressing these issues without further briefing, those briefs were very long, they addressed 12 claims made by plaintiff, and many sections of the briefs addressed multiple issues. Further, defendant's first brief did not address the nondiscriminatory reasons/ pretext issue, and the reply brief was primarily a response to arguments plaintiff made in her memorandum opposing the motion for summary judgment.

To provide the parties the opportunity to present the arguments made in their original briefs in the most persuasive manner, defendant is granted leave to file a renewed motion for summary judgment. However, to the maximum extent practicable, the new briefs should recycle the arguments made in the original briefs. Defendant may expand the arguments it made in its reply brief regarding nondiscriminatory reasons/pretext and may cite additional evidence supporting those arguments, but no new affidavits should be submitted absent good cause. If either party wants to submit a new affidavit with a brief, that party must provide the affidavit to the opposing party at least two weeks before the deadline for filing the brief. Plaintiff has the right to present new evidence/ argument in response to any new argument/evidence relied on by defendant.

Neither party should present new arguments regarding the prima facie case or procedural issues. They may argue controlling case law from the United States Supreme Court and the Sixth Circuit from decision issued after the original briefs were filed.

Defendant's renewed motion for summary judgment must be filed no later than **30**

**days after the Court's decision on the motion to exclude testimony from plaintiffs'
experts.** Responsive briefing will be by rule.

<u>Damages discovery</u>. The parties agree to continue to defer defendants discovery.

s/Mark R. Abel
United States Magistrate Judge
