IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Sheryl L. Szeinbach,                  :

        Plaintiff,            :

     v.                          :       Case No. 2:08-cv-822

The Ohio State University,            :
                                   Magistrate Judge Kemp
        Defendant.            :


ORDER

     As the Court of Appeals explained in its August 10, 2012 decision (Doc. 186), this case involves retaliation claims brought by Plaintiff Sheryl L. Szeinbach against her employer, Defendant The Ohio State University.  The case was referred to now-retired Magistrate Judge Mark R. Abel for all proceedings; after he granted summary judgment to Ohio State, the Court of Appeals reversed and remanded the case for trial on Ms. Szeinbach's claims of differential salary increases and research misconduct investigation.

     After remand, the case was tried to a jury.  The jury returned a verdict in Ms. Szeinbach's favor on a claim of coworker retaliation and awarded her damages in the amount of $513,368.00, which the Court later reduced by $213,368.00 to reflect the fact that she was not entitled to back pay.  Ms. Szeinbach then moved for attorneys' fees.  Doc. 384.

     After the motion was filed, Magistrate Judge Abel held a status conference and set a briefing schedule.  He then retired, and the case was assigned to the undersigned Magistrate Judge. The parties have completed briefing on the motion for attorneys' fees, but on March 30, 2015, just prior to the last brief, Ms. Szeinbach moved to recuse the Magistrate Judge.  Doc. 395.  Ohio

State has chosen not to respond to the motion. For the following reasons, the motion will be denied.

Ms. Szeinbach has filed her motion under 28 U.S.C. §455. As the Court of Appeals has said,

> Section 455 is designed " 'to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible.' " Union Planters Bank v. L & J Dev. Co., Inc., 115 F.3d 378, 383 (6th Cir. 1997) (quoting Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 865, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988)). Under § 455, the ultimate question is whether "a reasonable, objective person, knowing all of the circumstances, would have questioned the judge's impartiality." United States v. Hartsel, 199 F.3d 812, 820 (6th Cir. 1999). Because the standard is objective, the judge need not recuse himself based on the subjective view of a party. United States v. Sammons, 918 F.2d 592, 599 (6th Cir. 1990).
>
> When the objective appearance-of-partiality standard presents a close question, " 'the judge must recuse himself.' " Union Planters Bank, 115 F.3d at 383 (quoting United States v. Dandy, 998 F.2d 1344, 1349 (6th Cir. 1993)). Nonetheless, as the late Chief Justice Rehnquist noted, "a federal judge has a duty to sit where not disqualified which is equally as strong as the duty to not sit where disqualified." Laird v. Tatum, 409 U.S. 824, 837, 93 S.Ct. 7, 34 L.Ed.2d 50 (1972) (emphasis omitted).

Scott v. Metropolitan Health Corp., 234 Fed.Appx. 341, 354 (6th Cir. April 3, 2007).

The sole basis for the motion is the fact the Magistrate Judge serves as an adjunct professor at the Ohio State University's Moritz College of Law - a position which, incidentally, I have held since 1996. It is a paid position, and I have taught the same one-credit course on Depositions and Discovery for the past twenty years. The most recent instance of teaching this course occurred in May of this year. Although not set out in the motion, there is no permanent teaching arrangement

between myself and the College of Law; offers to teach are
extended annually, and there is no current understanding about
whether the course will be offered in 2016 or whether I will
teach it.

The Court begins with the applicable ethical standard.
Canon 3 of the Code of Judicial Conduct says: "A judge should
perform the duties of the office fairly, impartially, and
diligently."  In the <u>Guide to Judiciary Policy</u>, Vol. 2, Ch. 3:
Compendium of Selected Opinions, this language appears:

> §3.4-3 Law School Teaching
>
> (a) A judge who teaches at a law school should recuse
> from all cases involving that educational institution as
> party. The judge should recuse (or remit) from cases
> involving the university, as well as those involving the
> law school, where the judge's impartiality might
> reasonably be questioned in view of the size and
> cohesiveness of the university, the degree of
> independence of the law school, the nature of the case,
> and related factors....

As some have noted, this opinion is not a model of clarity,
particularly as it relates to the phrases "that educational
institution" and "the university."  Is the "educational
institution" the law school itself?  That appears to be the most
logical reading, especially in light of the added language
suggesting that the relationship between the law school and its
affiliated university is a factor to consider.  That language
makes no sense if recusal is required every time a university
which has a law school is a party to a case.

Although many judges, including federal judges at all levels
of the judiciary, serve as adjunct professors at law schools, as
one court has noted, there is "surprisingly little jurisprudence
addressing the appropriateness of recusal for teaching at a local
law school under either subsection of Section 455."  <u>Bernofsky v.</u>

-3-

<u>Administrators of Tulane Educational Fund</u>, 2000 WL 703798, *2
(E.D. La. May 30, 2000).  That statement is as true today as it
was 15 years ago.  However, what case law there is does not
support Ms. Szeinbach's request for recusal.

In <u>Bernofsky</u>, the court concluded that the judge's recusal
was not required where the judge had accepted a stipend from
Tulane University to cover expenses for teaching a summer law
school course in Greece.  Other decisions have similarly denied
motions for recusal where judges have held either paid or unpaid
positions at law schools which were not themselves parties, but
were affiliated with a college or university which was a party.
<u>See, e.g., Roe v. St. Louis University,</u> 746 F.3d 874 (8th Cir.
2014); <u>Swift v. Trustees of Indiana University</u>, 1989 WL 15919
(N.D. Ind. Feb. 22, 1989).  In fact, the Court's research did not
locate a single decision where teaching at a law school
affiliated with a university or college was considered a proper
basis for recusal in a case in which that university or college
was a party.

Looking at the various factors present in this case, none
would appear to support recusal.  The Ohio State University is a
large institution, and the Moritz College of Law is only a small
part of it.  There is, to the Court's knowledge, no relationship
between the College of Law and the College of Pharmacy.  This
case does not call into question any conduct by any member of the
law school faculty or any person affiliated with the law school.
Finally, the remaining issue in this case has nothing to do with
the alleged wrongful conduct of University officials, but only
with the reasonableness of counsel's request for fees.  A fee
award in any amount up to the amount requested does not appear
likely to have any financial impact on the law school.  Thus,
none of these objective factors would suggest that someone who
teaches on a part-time basis at the law school could not fairly

decide the remaining issues in the case, or that a reasonable person could question the Court's impartiality.

The Court is sensitive to the perceptions - even the subjective ones - of litigants before the Court, and does not take the request for recusal lightly.  At the same time, however, as noted above, there is a duty to sit when no valid basis for recusal has been shown.  The Court is reluctant to create, in the absence of any supporting case law or commentary, what would amount to a rule of automatic recusal in every case involving the Ohio State University for judges who teach at the Moritz College of Law as adjuncts and on a part-time basis only.  Certainly, there may be cases, even those not involving the College of Law directly, where such a relationship might create a reasonable perception of bias, but this is not one of them.  For all of these reasons, Plaintiff's motion for recusal (Doc. 395) is denied.


                                   /s/ Terence P. Kemp
                                   United States Magistrate Judge