```
             IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

Sheryl L. Szeinbach,              :

     Plaintiff,              :

  v.                              :            Case No. 2:08-cv-822

The Ohio State University,        :
                                                          Magistrate Judge Kemp

     Defendant.              :

ORDER

    As this Court explained in its July 8, 2015 Order (Doc. 398), this case involves retaliation claims brought by Plaintiff Sheryl L. Szeinbach against her employer, Defendant The Ohio State University.  The case was referred to now-retired Magistrate Judge Mark R. Abel for all proceedings; after he granted summary judgment to Ohio State, the Court of Appeals reversed and remanded the case for trial on Ms. Szeinbach's claims of differential salary increases and research misconduct investigation.  After remand, the case was tried to a jury.  The jury returned a verdict in Ms. Szeinbach's favor on a claim of coworker retaliation and awarded her damages in the amount of $513,368.00, which the Court later reduced by $213,368.00 to reflect the fact that she was not entitled to back pay.

    Ms. Szeinbach filed an application for an interim award of attorney's fees and expenses and pre-judgment interest (Doc. 358), followed by a supplemental application for an interim award of attorney's fees and expenses and pre-judgment interest (Doc. 384).  Thereafter, Ms. Szeinbach appealed the Court's Order reducing the jury award.  Ohio State filed a cross-appeal as to the judgment and the Court's Order on a motion for a new trial.  Ohio State subsequently filed a memorandum in opposition to Ms.

Szeinbach's applications for attorney's fees, expenses, and pre-judgment interest (Doc. 394), and Ms. Szeinbach filed a reply brief (Doc. 396). The Court of Appeals granted Ohio State's motion to voluntarily dismiss the cross-appeal. Ms. Szeinbach's appeal remains pending.

Ohio State argues that Ms. Szeinbach's applications for attorney's fees, expenses, and pre-judgment interest should be stayed pending resolution of the appeal because "the decision whether to award fees, and in what amount, is certain to be affected by the pending appellate litigation." (Doc. 394 at 19). Ohio State adds that a stay "is necessary to avoid piecemeal litigation" and is in the interest of judicial economy. Id. Ms. Szeinbach opposes Ohio State's request for a stay, arguing that the outcome of the appeal is unlikely to have bearing on the pending applications for attorney's fees, expenses, and pre-judgment interest. Contrary to Ohio State's position, Ms. Szeinbach asserts that a prompt resolution – rather than a stay of a decision – will avoid piecemeal litigation. In support of her position, Ms. Szeinbach cites to various district court decisions outside of the Sixth Circuit which denied motions to stay cost rulings pending the resolution of the underlying appeals. Finally, Ms. Szeinbach offers a compromise pursuant to which she will reduce her cost petitions by more than ten percent if this Court determines that no hearing is required and denies Ohio State's request to stay. Ohio State did not move the Court to respond to Ms. Szeinbach's offer.

In Smith v. Indian Hill Exempted Village School Dist., 2012 WL 1813062, at *1 (S.D. Ohio May 17, 2012), the Court observed that "[a]lthough a district court retains jurisdiction to rule on a pending motion for attorney's fees even when an appeal is pending in the Sixth Circuit, issues of judicial economy counsel against ruling" on such a motion until "the conclusion of the

-2-

pending appeal." Id., adopted in Doc. 71 in 1:10-cv-718 (S.D. Ohio July 10, 2012).  This Court agrees with Ohio State that the pending appeal will likely impact this Court's decision on Ms. Szeinbach's applications for attorney's fees, expenses, and pre-judgment interest.  Despite being aware of its retained jurisdiction to rule on Ms. Szeinbach's motions, the Court finds that it is in the interest of judicial economy to decline to issue such a ruling until the Court of Appeals has resolved the appeal.  Based on the foregoing, the Court stays consideration of Ms. Szeinbach's application for an interim award of attorney's fees and expenses and pre-judgment interest (Doc. 358) and supplemental application for an interim award of attorney's fees and expenses and pre-judgment interest (Doc. 384) until the pending appeal is concluded.

/s/ Terence P. Kemp
United States Magistrate Judge